## WALLACE BARBER v. THE STATE.

No. 2070. Decided April 17, 1901.

Motion for Rehearing Decided June 5, 1901.

**1.  Unlawfully Causing Cattle to Go into Enclosed Lands—Information.**

Under article 794, Penal Code, denouncing the offense of causing stock to go into the enclosed land of another, the possession of the land is a possessory right, and not one of title; and an information charging ownership in the party entitled to the possession, and not in the agent of such party, who is in fact in actual possession, is sufficient, the possession of the agent being the possession of the owner. Daley v. State, 40 Texas Crim. Rep., 102.

**2.  Same.**

On a trial for unlawfully causing cattle to go into enclosed lands of another, where it appeared that defendant was engaged in litigation with third parties for some of the land in the enclosure or pasture at the time he turned his cattle loose in the same, and that he knew at the time of the claim and ownership, of the alleged owner, who had actual possession of the land. Held, he was liable for a violation of the statute. Distinguishing Yarborough v. State, 37 Texas Crim. Rep., 357.

APPEAL from the District Court of San Saba. Tried below before Hon. M. D. SLATOR.

Appeal from a conviction for unlawfully causing cattle to go into the enclosed lands of another; penalty, a fine of $25.

The following statement of the case, which is substantially correct, is taken from the appellant's brief on file with the record, viz.:

In the spring of 1900 J. M. Kuykendall bought what was known as the Burroughs pasture, in which there was about 10,000 acres of land, in San Saba County, Texas. At that time three persons were living inside said pasture, all owning, or claiming to own, more or less land in said pasture. These persons are J. M. Hall, H. H. Nowlin, and S. E. Ray, and continue to reside therein, keeping stock therein. Ray has some land also in a separate joining enclosure. This 10,000 acres is not separated by any division fences and contains no agricultural land. Kuykendall bought considerable of these lands from the Burroughs estate and he leases some of it. He lives in the town of San Saba, twenty-five miles from this pasture. Nowlin lives on 1000 acres in said pasture owned by him, but is also in the employment of Kuykendall, looking after Kuykendall's interests therein—"in charge of the pasture," is the way he and Kuykendall put it. The fence enclosing said pasture is owned by Ray, Atkinson, Boddy, Campbell and Kuykendall, respectively, the different portions of said fence belonging to said different persons joining each other and thus forming a complete enclosure of this 10,000 acres. J. M. Hall lives upon 1000 acres of land owned by him in said pasture, and S. E. Ray 150 acres. Ray and Nowlin both have arrangements with Kuykendall as to running stock in said pasture by reason of their ownership of lands therein. J. M. Hall has no arrangement with Kuykendall, but was living in said pasture long before Kuykendall bought from Burroughs, and keeps about twenty-five head of cattle in

said pasture, running them at large therein, and goes in and out with them at will, purely in right of his ownership of said 1000 acres of land and his residence thereon. Hall never asked for, or bothered about, the consent of Kuykendall, or anyone else, to live in said pasture or use it for pasturing his stock. He and Nowlin have a lawsuit pending over the question of ownership of said 1000 acres, which is school land. They both claim it as purchasers from the State, one living on one part of it, the other on another part of it.

Ray pastures his own stock, and also takes in stock for pasturing of other people, in said 10,000 acres pasture. In July, 1900, appellant bought 640 acres of land in said pasture from Sidon Harris, through his agent, W. L. Hays, which 640 is a part of the land claimed by Kuykendall to have been bought by him from the Burroughs estate, and is near the middle of the pasture, two miles from any fence. Hays advised appellant that he had a lawful right to turn stock loose upon this 640 acres. In October, 1900, appellant drove fifteen head of cattle into said pasture and turned them loose upon this 640 acres, and went to Nowlin's house and told him about it, and asked him not to turn them out. A few days afterwards he found his said cattle outside the pasture. He lives about four miles from said pasture. Nowlin is the person who turned said cattle out. He did not consent to the turning of them in. He has thirty-five head running at large in said pasture, and when he found appellant's fifteen head in there, he turned them out.

There were no preliminaries to appellant's turning his cattle in. He was advised that he had a lawful right to do so, and so believing, exercised such right.

*Sidon Harris,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for causing cattle to go within the enclosed lands of another, without the consent of the owner, etc., and his punishment assessed at a fine of $25.

A brief summary of the facts discloses that the alleged owner, Kuykendall, had bought the land in question in the spring of 1900, and, during the summer, had enclosed it, along with quite a lot of other land; that his purchase was from the Burroughs estate; that he had placed an agent in charge of these pasture lands; that this agent resided in the pasture while Kuykendall resided at the county seat some miles distant. Appellant claims to have bought the land in question in the fall of 1900, subsequent to its being enclosed by Kuykendall. At the time of the purchase, he was fully aware of the possession and ownership of Kuykendall. After making his purchase, he drove his cattle into the enclosure and turned them loose upon the land for grazing purposes, and notified Kuykendall's agent of the fact that he had done

so. It is contended, this does not show ownership in Kuykendall, and that the information should have negatived the consent of Nowlin, Kuykendall's agent, in possession. We think the information is sufficient upon this point. Kuykendall was the owner of and in possession of the land as well by his agent as if he himself had lived upon it. The possession of property, under article 794, Penal Code, under which this information was brought, is a possessory right and not one of title; and we believe the information was sufficient to allege the ownership in the real owner. The possession of the agent, Nowlin, was the possession of the owner, Kuykendall, and sufficient under this case. It is claimed that appellant did not violate the spirit of the statute, because of his subsequent purchase and claim of the land, and that thereby, if he did not have the rightful authority to place his cattle upon the land, he was justified in believing he had that right; and, if it was a violation of the statute at all, it was simply a violation of its letter and not of its spirit. We do not believe this position is correct. He knew of the claim and ownership of Kuykendall at the time he placed his cattle in the pasture, and testifies himself that litigation was pending between himself and others with reference to lands he had purchased in this pasture, and that at the time of his purchase and at the time he turned the cattle in the pasture, the prior purchaser had actual possession of the land and enclosure. This was not like Yarborough's case, 37 Texas Criminal Reports, 357, where the party charged with violating the statute was the owner, and in possession, of 640 acres of land enclosed in one of the large western pastures. If appellant's case came within the rule there announced, he would have the right to turn his cattle into the pasture, as it was held in that case. It was unquestioned that Yarborough owned the 640 acres enclosed in the large pasture, in which he turned his cattle and on which he resided. In that case, the owner of the enclosed land has the right to use it, and could not be debarred that right by the act of others enclosing it in a general pasture. But this is not a case of that kind. Appellant's title to the land, if it be a title, was acquired subsequent to the purchase by another party, who had enclosed and was using the land. We believe the evidence justifies the conviction. Daley v. State, 40 Texas Crim. Rep., 101. The judgment is affirmed.

*Affirmed.*

BROOKS, Judge, absent.

### ON MOTION FOR REHEARING.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the judgment herein was affirmed. Motion for rehearing is made, reciting alleged errors committed by this court in the rendition of its opinion. The first ground of the motion contends that there is an evident misapprehension of the facts: (1) There is no evidence that appellant was engaged in litigation with any of the parties, as found by the court;

(2) there is no evidence that Kuykendall enclosed the land at all, as found by the court; (3) there is no evidence that Kuykendall had placed an agent in charge of the land. The facts are, Nowlin lived on the land claimed to be owned by him, before Kuykendall purchased, and that Kuykendall lived twenty-five miles away. An inspection of the statement of facts shows that the litigation was between the witness Hall and Nowlin, and not between appellant and other parties, as stated in the original opinion. As to the other two propositions, Nowlin's testimony shows that the land was enclosed by Kuykendall and others, owners of the pasture and adjoining lands. Nowlin testified in regard to the "agency," as it was termed in the opinion: "I have charge of said pasture for J. M. Kuykendall, who lives in San Saba town, in said county, some twenty-five miles from said ranch." Kuykendall testified: "Nowlin is the man in my employ who has charge of said pasture for me." In regard to the fences, Kuykendall testified: "The section of land claimed by defendant is part of the land bought by me from the Burroughs estate last spring, and was enclosed with the other lands in my pasture October 13, 1900." In this connection Nowlin testified: "I own 1010 acres in said pasture. There are about 10,000 acres in said pasture, which is enclosed by fences of said J. M. Kuykendall, H. W. Atkinson, Campbell, Boddy and Ray. Their respective portions of fence join and being on their respective dividing lines, except that of S. E. Ray, who has about 150 acres embraced in the land enclosed within this pasture, having the balance of his land, which joins this 150 acres fenced to itself, upon which he resides." We make this statement of the facts, in order to correct the mistake to the effect that appellant and others were engaged in litigation. The litigation was between Hall and Nowlin. The questions submitted in motion for rehearing show no reason why the conclusion heretofore reached should be changed. The motion for rehearing is overruled.

*Motion overruled.*