## Henry McCuen v. The State.

No. 2261.    Decided April 30, 1902.

1.—Fence-Breaking—Evidence.

On a trial for unlawfully breaking the fence of another, while the question of title is of no importance, since the action is based alone on a possessory right, still, a deed to the property, which would tend to show a rightful possession by defendant, is competent and admissible in evidence for that purpose.

2.—Same.

On a prosecution for breaking the fence of another, the petition of the prose-

cutor, in an action against defendant of trespass to try title to the property, in which it was admitted that defendant was in possession of the property, was admissible in evidence as to the question of defendant's possession.

**3.—Same—Tenants in Common.**

On a trial for breaking the fence of another, where it appeared that prosecutor and defendant were occupying the premises in common, Held, that the prosecutor had no right to fence out the defendant from ingress and egress to the premises; and that defendant would have the right to remove said fence, where no injury could result to the prosecutor.

**4.—Same—Easement.**

On a trial for breaking the fence of another, if it appeared that defendant was entitled to an easement pertinent to his grant from the prosecutor; which prosecutor fenced up, defendant would have the right to remove said fence.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald, County Judge.

Appeal from a convictnon of unlawfully breaking and injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*Scarborough & Scarborough,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully breaking and injuring the fence of another, without his consent, and his punishment assessed at a fine of $10; hence this appeal.

The statement of facts shows that the prosecutor, Anderson Brack, about the year 1872, purchased two acres of land in the suburbs of Waco from E. J. Gurley. He gave a lot in the center of the same to his adopted daughter, Eliza; and also gave a lot to appellant in the corner of said two acres, and occupied another corner of said lot himself. All of the parties built houses thereon, and occupied the two acres, which was all inclosed under one fence, peaceably until about the time of this prosecution, 1901. In 1897 appellant paid the balance of the purchase money on the two acres of ground to Gurley, and by agreement between him and prosecutor, the entire two acres was conveyed to him. Prosecutor's testimony shows that appellant was only to have the lot he occupied in one corner of the two acres, in consideration of his paying the balance of said purchase money; while appellant testified that he was to have the whole property and the prosecutor was to occupy and live on his portion of it during his lifetime. In 1901 it appears the parties disagreed with reference to the property and prosecutor ran a fence across the center of said two acres, fencing appellant's lot off to itself and obstructing his ingress and egress to his lot. Appellant cut this fence down, and on this the prosecution is based.

On the trial appellant offered in evidence the deed from Gurley to himself; and on objection by the State this was excluded, the court basing its action on the ground that the question of title was not involved. While this is true, yet the deed would not only tend to show

possession, but a rightful possession, and it occurs to us that the deed should have been admitted for that purpose. Of course, as has been held, the question of title is of no importance where the charge is for breaking the fence of another, as the action is based on a possessory right. Carter v. State, 18 Texas Crim. App., 576. It is held that this possession may be proved by parol, but this affords no reason why the same fact could not be proved by written testimony. Joy v. State, 41 Texas Crim. Rep., 46.

Appellant also offered in evidence the pleadings, including the petition, in the action of trespass to try title brought by the prosecutor, Brack, against him for the same land, and which was then pending in the District Court of McLennan County.—The purpose of this testimony was to show the admission by Anderson Brack (prosecutor), to the effect that appellant was in possession of the whole of said premises. We think this should have been admitted. True, an action of trespass to try title might involve other questions besides the question of possession; but it would seem to involve, in connection with the other questions, also the question of possession. It may also be conceded that the allegation in the petition that the possession was in the defendant might be explained by other testimony; still this would afford no reason for the exclusion of the declaration in the petition that the possession of the premises was in the defendant. It occurs to us, in view of the facts contained in the record, that this prosecution can not be maintained. If the parties, as appears to be conceded, occupied the premises in common and had been doing so since 1872, then, pending the suit to settle the title, one of the joint owners or tenants in common had no right to fence out another joint owner or tenant in common. Such party would have the right to remove a fence which obstructed his ingress or egress to his house, where no injury or intent to injure could result to the other joint tenant or tenant in common. Coggins v. State, 12 Texas Crim. App., 109; Woodyard v. State, 19 Texas Crim. App., 516. Again, if it be conceded that the prosecutor, Brack, had granted to appellant a portion of said land, then pertinent to the grant, he had a right of easement thereto; and if the same was fenced up he would have the right to remove it. It seems in this case that there was an endeavor to settle the rights of the parties by a resort to a criminal action.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*