## M. PATE v. THE STATE.

o. 2682.   Decided May 4, 1904.

**1.—Confession, When Admissible—Injuring Fence of Another.**

Where defendant's statement with reference to the leasing of the pasture upon which was situated the fence which he was charged with break'ng was made before such breaking, and it also appeared that he was at the time of making such statement in jail for another offense, it was admissible in evidence although he had not been warned previously, the same having been made voluntarily.

**2.—Evidence—Deed—Quiet and Peaceable Possession.**

Where defendant, who was charged with breaking and pulling down the fence of another, offered in evidence a warranty deed to his wife to the land upon which the said fence stood, for the purpose of show'ng that said land was not in the quiet and peaceable possession of the alleged injured party at the time of the alleged injury, it was error to exclude it.

Appeal from the County Court of Williamson.   Tried below before Hon. Chas. A. Wilcox.

Appeal from a conviction of breaking and pulling down the fence of another; penalty, a fine of $10.

The opinion states the case.

*John Dowell, J. F. Taulbee,* and *Chesher & Wilcox,* for appellant.— On question of quiet and peaceable possession: White's Ann. Penal

Code, art. 794; Arbuthnot v. State, 34 S. W. Rep., 269; Carter v. State, 18 Texas Crim. App., 573; Behrens v. State, 14 Texas Crim. App., 121; Jenkins v. State, 7 Texas Crim. App., 146.

On rehearing: McCuen v. State, 68 S. W. Rep., 180.

*Howard Martin,* Assistant Attorney-General, for the State.—Appellant reserved certain bill of exceptions to the court refusing to permit him to introduce certain deeds and testimony tending to show that his wife was the owner of the land upon which the fence was situated. In this the court did not err. In prosecutions under this article of the statute, the inquiry should be confined to the actual peaceful possession, and should not be extended to an inquiry into the right of possession. Carter v. State, 18 Texas Crim. App., 573; Behrens v. State, 14 Texas Crim. App., 121; Jenkins v. State, 7 Texas Crim. App., 146; Arbuthnot v. State, 34 S. W. Rep., 269.

On question of admission of defendant's statement while in jail: Mathis v. State, 47 S. W. Rep., 464.

BROOKS, Judge.—Appellant was convicted under article 794, Penal Code, for unlawfully breaking and pulling down and injuring the fence of Mrs. M. L. Dimmitt—said fence at the time being under the management and control of William Wood. The fine imposed was $10.

The facts in this case show substantially that Mrs. Dimmitt was in possession of a track of land used as a pasture; that she rented it to William Wood, and under such lease contract he was occupying it at the time of the alleged injury to the fence. A short while prior to the time appellant cut the fence, tenant Wood had had cattle in the pasture but took them out on account of insufficient water, though he still had the control and management of the pasture. Appellant was suing in trespass to try title for the land.

The court gave in charge the article of the code (794), and then followed it in the main charge with the following charges: "You are charged as the law of this case, as follows: By quiet and peaceable possession is meant such possession as is acquired peaceably and without force, and is continuous and uninterrupted from the date of such acquisition to the date of the alleged injury; or such possession as is acquired by dispossessing another; but afterwards ratified or acquiesced in by the person dispossessed, and is continuous and uninterrupted from the date of such ratification or acquiescence to the date of the alleged injury. You are further charged that the title to the land upon which the fence alleged to be injured is situated, or the title to the land inclosed by said fence, or the right of possession based upon such title, is not an issue in this case, and is not to be considered by you. Now, if you believe from the evidence beyond a reasonable doubt, that defendant M. Pate, on or about the 28th day of October, 1903, in the county of Williamson and State of Texas, did then and

there unlawfully break, pull down, or injure a fence belonging to Mrs. M. L. Dimmitt, and that said fence was then and there under the control of William Wood, and that said William Wood was then and there holding same under a lease contract, and that said breaking, pulling down or injury, if any, was done without the consent of the said Mrs. M. L. Dimmitt or of the said William Wood, or of either of them; and that at the time of said injury, if any, the said William Wood was in actual possession of said fence and the land inclosed by it, and that such possession at said time was quiet and peaceable as these terms have hereinbefore been explained to you, then you will find defendant guilty and assess his punishment," etc. And also: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt, you will acquit him, and say by your verdict, 'not guilty.' "

And in addition to giving the above, the court gave the following special requested instructions of defendant: "If you believe from the evidence that on the 28th of October, 1903, defendant was in the actual quiet and peaceable possession of the land on which the fence is situated that is involved in this suit, then you will acquit the defendant." "If you believe from the evidence that at the date of the commission of the alleged offense on the 28th of October, 1903, William Woods as the tenant of Mrs. Dimmitt was not in the actual quiet and peaceable possession of the land on which the fence involved in this suit is situated, then you will acquit the defendant, for, unless you so find that said Woods as tenant of Mrs. Dimmitt was so in the actual quiet and peaceable possession of said land, you can not find defendant guilty."

We think the above charges amply and properly covered the facts of this case, the sole question being as to the peaceable and quiet possession of the land, the title not being involved in this prosecution. In other words, it is immaterial who actually owned the land; the offense denounced by the statute under consideration is against the party who molests or injures the property of another; and property, within the contemplation of this statute, is the possession. That is, the party who has the actual exclusive and peaceful possession of the property can maintain a prosecution against one who injures any property of which he has such possession. Carter v. State, 18 Texas Crim. App., 573; Behrens v. State, 14 Texas Crim. App., 121; Jenkins v. State, 7 Texas Crim. App., 146; Arbuthnot v. State, 34 S. W. Rep., 269.

By bill number 1 appellant insists the court committed an error in permitting the State to prove by William Wood that while defendant was in the county jail of Williamson County, during January, 1903, upon a charge of cutting the identical fence involved here, that Wood had a conversation with defendant, in which witness told defendant that he was going to lease the Dimmitt pasture again for another year,

but that if defendant wanted it, witness would have no more to do with it. To which defendant replied, "No, I do not want it; go ahead and lease it." To this testimony defendant objected, because it appeared from the testimony that defendant had not been warned by witness Wood that anything he might say to him could be used against him—defendant being in jail upon a charge of cutting the identical fence in question; and because said testimony was in the nature of a confession by defendant while under arrest. The court appends this explanation to the bill: "The testimony showed that witness Wood was at the jail on this occasion, because defendant had sent him word he desired to see and talk with him. The testimony further showed that defendant at the time of the conversation was not in jail upon the act of fence cutting involved in this case; and that the act out of which this trial arose did not occur until after said conversation and statement objected to." This testimony was clearly admissible in view of the explanation of the court. Mathis v. State, 47 S. W. Rep., 464.

By the second bill it is shown that appellant offered to prove by his wife that she had a general warranty deed to the land in controversy from F. W. Caruthers. And the same character of testimony was offered, which the court sustained objection to, as shown by the third bill of exceptions. In this ruling there was no error. As stated above, the title of this land was not in controversy, but the peaceable possession.

We have carefully reviewed appellant's various assignments of error, and finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 24, 1904.

BROOKS, Judge.—This case was affirmed at a previous day of this term. In his motion for rehearing appellant insists that we failed to pass upon his third bill of exceptions, which contains the following: Appellant for the purpose of showing that the identical land upon which the fence alleged to have been injured was situated was not in the quiet and peaceable possession of Mrs. M. L. Dimmitt and William Wood, or either of them, at the time it is alleged to have been injured, offered in evidence a general warranty deed to said land from F. W. Caruthers to Mrs. S. G. Pate, wife of defendant, which deed conveyed said land to Mrs. Pate as her separate property. We held, as stated by appellant, in the original opinion that the title to the land not being an issue in the trial of this case, that the court did not err in excluding the deed; and the question involved in this bill is similar to that discussed in the other bills. However, appellant insists that said deed was admissible for the purpose of showing that the prosecutor was not in the quiet and peaceable possession of the land. He cites us to Mc-

Cune v. State, 68 S. W. Rep., 180. The majority of the court hold that said case supports appellant's proposition. The writer believes the case cited in the original opinion and Kalklosch v. State, 10 Texas Ct. Rep., 169, are clearly authorities to the converse and should be followed. In accordance with the opinion of the majority the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*