## JOHN T. FITZSIMON v. THE STATE.

No. 643.    Decided May 25, 1910.

Rehearing denied June 8, 1910.

**Injuring Fence of Another—Evidence—Defensive Matter.**

Upon trial of unlawfully injuring the fence of another, it was reversible error not to have permitted the defendant to show that the fence in question was situated on land which had been recognized for a long time to be the property of the defendant and to which he also offered a deed. Following Pate v. State, 46 Texas Crim. Rep., 483; 81 S. W. Rep., 737, and other cases.

Appeal from the County Court of Medina. Tried below before the Hon. H. E. Haas.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*Lytle & Brown,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On December 22, 1909, an information was

filed in the County Court of Medina County, charging appellant in the first count with unlawfully breaking, pulling down and injuring the fence of Leo Tschirhart, and in another count with unlawfully separating and withdrawing a fence from the fence of said Leo Tschirhart without his consent and without first having given notice as is required by law. The case was tried on the first count, the second being expressly withdrawn from the jury.

The evidence in brief was to the effect that Tschirhart, a short time before the date of the offense charged, had bought a lot of land adjoining a lot which for many years had been owned and occupied by appellant, both lots fronting on Houston Square, in the town of Castroville. These lots had a fence along the front of same and there was a fence between the lots, which seems to have been treated, in some respects, as a partition fence. Tschirhart had never lived upon his lot, cultivated or made any use of it, and his possession was such as the law gave only and solely by virtue of ownership. Appellant had lived on his portion of same, being known as one-half of block 4, and his improvements included a residence as well as a drugstore and office. He had lived upon the property at the time of the alleged offense about fifteen years, and had, as he states, frequently during that time repaired and rebuilt the 'fence, which he says he had claimed and considered as being his own, and that he had been in actual possession of it during this time. On the trial he offered to prove by his own testimony that he was familiar with what had always been accepted since he had owned the property by him, and the other owners of the Tschirhart lot, as the true boundary line; that the location of this lot had been fixed and established by an old post in the front line of the Tschirhart lot, and that this post was some two or three feet over on the Tschirhart lot from the division fence, and that the division fence and the land on which it was situated had been recognized during this time by all concerned as his property. He offered to make the same proof substantially by one Kilhorn. In addition to this on the trial he offered in evidence a deed to the property in question and in this connection offered to testify that said lots so conveyed to him formed one-half of the block in question and that the center of said block, one-half of which had been so conveyed to him was by actual measurement made by him, some five or six feet over on the Tschirhart lot from the division fence, and that this was the true division between his property and the Tschirhart lot. All of this testimony was clearly admissible under repeated decisions of this court and should have been received. Pate v. State, 46 Texas Crim. Rep., 483, 81 S. W., 737; Oliver v. State, 37 S. W., 427; Smith v. State, 79 S. W., 34, and McCuen v. State, 43 Texas Crim. Rep., 612, 68 S. W., 180.

We are not sure but that we should reverse the case on the ground that the verdict of the jury and judgment of the court are unsup-

ported by the evidence. Since, however, the case of the State may be strengthened, it is unnecessary at this time to pass on this question.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied June 8, 1910.—Reporter.]