JOHN T. FITZSIMMONS v. THE STATE.

No. 1163. Decided May 24, 1911.

**1.—Injuring Fence of Another—Ownership—Possession.**

Upon trial of unlawfully pulling down and injuring the fence of another, the inquiry in regard to the possession of the fence should be confined to the question of actual quiet and peaceable possession, and not the rightful possession of the fence; and where the court disregarded this rule there was reversible error.

**2.—Same—Insufficiency of Evidence.**

Where, upon trial of unlawfully injuring the fence of another, the evidence showed that the defendant was in quiet and actual possession of the alleged fence, and had been for ten or twelve years preceding, the conviction was not sustained.

Appeal from the County Court of Medina. Tried below before the Hon. H. E. Haass.

Appeal from a conviction of unlawfully injuring the fence of another; penalty, a fine of $10.

The opinion states the case.

*Lytle & Brown,* for appellants.—On the question of actual possession: Smith v. State, 79 S. W. Rep., 34; Oliver v. State, 37 S. W. Rep., 427.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted in the County Court of Medina County on a complaint and information charging him with unlawfully breaking, pulling down and injuring the fence of Leo Tschirhart without the consent of the said Tschirhart. Upon a trial he was convicted and his punishment assessed at a fine of ten dollars.

This is the second appeal in this case, this case having been reversed on a former appeal (59 Texas Crim. Rep., 540, 128 S. W. Rep., 903) because of the refusal of the court to admit certain testimony which the court admitted on this trial.

Mr. Tschirhart owned thirty-five feet off of lots 3 and 4 in block 4, in the town of Castroville. The defendant owned all of lots 5, 6, 7 and 8 in said block. It appears that some thirty years ago one Tarde owned all of the block, and lived on that portion now owned by defendant. He sold to a man named Geyer lots 3 and 4, who erected a partition fence. This fence had remained there during all these years. About twelve years prior to the institution of this prosecution defendant purchased the property he now owns and during these years he has kept this fence in repair. Kilhorn purchased a part of lots 3 and 4, originally purchased by Geyer, and resided thereon. The Knights of Honor purchased the remainder of lots 3 and 4 and owned it until about three months before the institution of this prosecution, when it

was purchased by Tschirhart. When Tschirhart purchased the lots from the Knights of Honor he claimed the fence on the ground it was erected by Geyer when he purchased lots 3 and 4 some thirty years prior to this date. Kilhorn testified that he was a trustee in the Knights of Honor lodge when it owned the lots now owned by Tschirhart and had the lots in his inclosure, and when the lodge owned the lots it did not claim the fence, but he had always understood that the fence belonged to defendant and those under whom he claimed. That defendant was in possession of the fence and kept it in repair. No houses were on the Tschirhart lots, while defendant lived on his lots, and had recently erected a hotel thereon.

From the evidence it is probably true that the fence was erected by those under whom Tschirhart claims, but for twelve years they had left it to defendant to keep in repair, and for this length of time, he testifies, he claimed it as his own, and thought it belonged to him, and no one had contended otherwise until Mr. Tschirhart purchased a portion of lots 3 and 4, some three months prior to the institution of this proceeding. Defendant, after building his hotel, says he desired to build a new division fence, and put men to work doing so, when Mr. Tschirhart stopped them, and caused his son to nail on planks closing up that portion torn down by defendant's employes. Defendant went to work to put in a post on which to hang a gate, when Mr. Tschirhart approached and they had some words over the fence. Defendant again tore down the planks which the son of Tschirhart had nailed up, when Mr. Tschirhart filed a complaint against him.

It appears that in the trial of this case the issue in the trial court was mainly who rightfully owned the land on which the fence was situate, not who was in possession of the fence, and, in consequence, who rightfully owned the fence by reason of ownership of the land. In the case of Behrens v. The State, 14 Texas Crim. App., 121, Judge Hurt, speaking for the court, holds:

"In instructing the jury upon the subject of possession of the fence, the court below gave this charge: 'The title to the land is not a question for your consideration, only so far as to show to whom belongs the rightful possession of the fence.' To this charge defendant excepted.

"There being no statement of facts, can this court, conceding the charge to be erroneous, reverse the judgment because of said error? If the charge is inapplicable to any state of facts, being excepted to at the time, we are left no alternative but to reverse. (Code Crim. Proc., art. 685.)

"Could there be a state of facts to which this charge would apply as the law governing the same? We think not. The rule upon this subject is stated in Jenkins v. The State, 7 Texas Crim. App., 146. It is as follows: 'The inquiry in regard to the possession should be confined to the question of the actual, quiet and peaceable possession, and not the rightful possession of the fence.'" See also Carter v.

State, 18 Texas Crim. App., 573; Arbuthnot v. State, 38 Texas Crim. Rep., 509.

It appears from the evidence in this case that defendant was in possession of the fence, and had been for ten or twelve years, whether he was the rightful owner or not. It may be that Tschirhart is the rightful owner of the fence, but this question we do not determine in this character of a case. Under the law as laid down in the cases above quoted and cited, the evidence in this case does not sustain the conviction, and we deem it unnecessary to pass on the other questions raised.

Reversed and remanded.

*Reversed and remanded.*