### John W. Bray v. The State.

#### No. 5732.   Decided March 24, 1920.

Malicious Mischief—Fence Cutting—Insufficiency of the Evidence—Possession.

In this character of offense, the question of title or ownership is not the pivotal question, and the question is one of actual possession of the fence alleged to be injured, and the evidence must be confined to possession rather than ownership. Following Arbuthnot v. State, 38 Texas Crim. Rep., 509, and other cases, and where all the evidence showed in the instant case that appellant had been occupying the premises and was in actual possession at the time, and that the prosecuting witness had never occupied this land upon which the fence stood at any time, but simply claimed title to same, the conviction could not be sustained.

Appeal from the County Court of Harris. Tried below before the Honorable Roy F. Campbell.

Appeal from a conviction of cutting the fence of another; penalty: a fine of $100.

The opinion states the case.

*Meek & Kahn,* for the appellant.—Cited: Pate v. State, 46 Texas Crim. Rep., 483; Farmer v. State, 58 id., 171.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited: Johns v. State, 76 Texas Crim. Rep., 303; Williams v. State, 208 S. W. Rep., 515.

DAVIDSON, Presiding Judge.—Appellant was charged by complaint and information with malicious mischief in that he tore down and removed a fence by cutting.

There are quite a number of questions presented for revision properly preserved by exceptions in regard to testimony and also the refusal of the court to give special instructions requested. From the view taken of the case, however, we deem it unnecessary to discuss those matters *seriatim.*

The case was tried by the State on the theory that the allowed owner of the fence was the rightful or legal owner of the land upon

which the fence was situated, and, therefore, entitled to possession, and not upon the theory of the actual possession of the fence and land. The question of title or ownership is not the pivotal question in a case of this character. A party may be entitled to the land, may be the rightful owner, yet if he is not in actual possession of the fence alleged to be cut but the party accused of cutting the fence is in such possession, under Article 1240 of the Penal Code the accused could not be subject to prosecution. The decisions seem to be all sufficiently clear that the question of title or rightful ownership is not the proposition and cannot be settled in a prosecution of this character. One party may be the owner and entitled to possession, but this cannot be adjudicated under the article above mentioned, and the pivotal question upon which this character of case turns is the actual possession of the fence alleged to be injured. If the alleged owner was in actual possession of it and the accused cut the fence, the accused would be brought within the terms of the law. The question is one of actual possession of the fence alleged to be injured. The statute was intended to protect the party in possession from trespass upon his fence by a party who was not in possession. The evidence, therefore, must be confined to possession rather than to ownership. Arbuthnot v. State, 38 Texas Crim. Rep., 509; Barber v. State, 42 Texas Crim. Rep., 626; Fitzsimmons v. State, 62 Texas Crim. Rep., 440; Johns v. State, 76 Texas Crim. Rep., 303; Farmer v. State, 58 Texas Crim. Rep., 171; Pate v. State, 46 Texas Crim. Rep., 483; Jenkins v. State, 7 Texas Crim. App., 146; Behrens v. State, 14 Texas Crim. App., 121; Carter v. State, 18 Texas Crim. App., 573. These are a sufficient number of cases without citing others to support the proposition announced.

The evidence is voluminous. It took a wide range, involving a suit for partition and trespass, to try title. Much of this testimony was clearly inadmissible. While it bore upon the title or right to possession, it did not bear upon the question of actual possession, the actual possession being the question upon which this case must necessarily turn. Without discussing those phases of the testimony, it is shown that appellant went in possession of certain lands, including eighty acres of which prosecutor claimed a part. Appellant went in possession of this property in 1905, and has been in possession of it up to and including the time of the trial of this case. This eighty acres, among other things, had upon it a pear orchard from which appellant had been gathering pears and selling the fruit for a number of years. Some of the witnesses say he had been gathering the pears and selling them for twelve years. Appellant had enclosed the land quite a number of years before this suit was instituted, and had been using it under this general fence. In 1915 there was a suit for partition brought by prosecutor Rudersdorff and others against appellant and his wife. There is a great deal of testimony as to whether appellant was served with notice of this suit or not, the prosecutor claiming that under this partition suit he was awarded three and a fraction acres,

and that he caused this three and one-half acres to be enclosed with a fence; that he personally did not enclose it. There is testimony going to show that prosecuting witness went to the premises and appellant would not permit him to enter but made him leave. There is testimony also going to show that the sheriff went out and appellant refused him admission, but the sheriff entered, and it seems under his supervision or instruction there was built a fence. Appellant was sick at the time of the erection of the fence and knew nothing of it until after it was erected. As soon as he discovered it he had it torn down and used the land in connection with his dairy and as calf pasture as he formerly had done. The prosecuting witness testified he was never in possession of it himself personally or by agent; that he requested a Mr. Gosler to look after the premises for him. Gosler testified but did not sustain prosecuting witness on that proposition. Gosler was the tenant and employee of appellant as was Gosler's wife and son, assisting appellant about his premises in various ways and in different character of work. Gosler had no possession of any of the premises, unless it was as tenant and employee of appellant. All the evidence shows without contradition that appellant had been occupying the premises since 1905, and that prosecuting witness had never occupied this land at any time. This particular tract claimed by prosecuting witness was used by appellant before and after the fence was erected, and appellant was in possession of it by all the testimony in the way mentioned.

Under this state of case, and under the authorities, we are of opinion that the State's case is not made out, and that appellant did not destroy, tear down or cut a fence in possession of prosecuting witness. About the time or a few days before this prosecution was instituted. the prosecuting witness instituted proceedings in the District Court of trespass to try title for this identical land, but at the time of this trial there had been no trial or decision of that case. Whether prosecuting witness is the real or rightful owner is a matter involved in litigation, and that prosecuting witness was not in possession is manifest, and that appellant was, we think, is equally conclusive.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*