## Homer Manley v. The State.

### No. 9281. Delivered October 28, 1925.

**1.—Possessing Liquor Equipment—Statute Construed—Indictment held Sufficient.**

Where the indictment charged appellant with the possession of equipment, mash, etc., for the purpose of manufacturing intoxicating liquor, same is held sufficient. Under Rev. Stat. 1925, Art. 666, P. C. it is made both a violation of the law to possess said articles mentioned, or to be furnished same for the purpose of manufacturing intoxicating liquor, and appellant's motion to quash the indictment was properly overruled.

**2.—Same—Accomplice Testimony—Corroboration of—Held Insufficient.**

In this case the state relied for a conviction upon the testimony of a confessed accomplice, one Julius Beavers, whom the preponderance of the evidence disclosed was the owner of the liquor equipment found, and a careful examination of the record fails to disclose that corroboration of his testimony required by law, and for this reason the cause must be reversed and remanded for a new trial.

Appeal from the District Court of Floyd County. Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction for possessing equipment and mash for the purpose of manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Mathew & Overson,* and *Collins, Dupree & Crenshaw,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was tried and convicted in the district court of Floyd County for unlawfully having in his possession equipment and mash for the purpose of manufacturing intoxicating liquor and his punishment assessed at two years in the penitentiary.

Appellant in many ways attacks the indictment charging the defendant herein with possession of equipment and mash, etc., upon the contention that the article in the statute now 666 of Revised P. C., 1925, does not make the possession of mash a violation of said law but that the furnishing of mash and equipment in said article only is a violation of the law. This contention is without merit in our opinion and the statute referred to makes it both a violation of the law to possess said articles or to be furnished same for the pur-

pose of manufacturing intoxicating liquor. This disposes of practically all the questions raised in this case save and except as to the sufficiency of the evidence to sustain a conviction.

The evidence briefly stated in this case shows that the sheriff and his deputies went to the ranch of Billy Morris and to a certain old house therein situated in the roughs and the breaks of the cap rock and there found near said house a barrel filled with mash and a keg and another barrel and a five gallon bucket with the top cut out and a five-gallon oil can, a lot of bedding, camping outfit and a two-gallon jug and afterwards found a copper coil about three days later. And also found some empty sugar sacks. That the fifty-gallon barrel of mash was about three or four hundred yards from the camp-house, and the ten-gallon and five-gallon buckets and the sacks were there also and that the copper coil was about seventy-five yards from the camp in some bushes and that the day of the arrest they found a Ford car some eight hundred yards from the camp upon the top of the cap rock and noticed where a steel barrel had been rolled from near said car down the hill and that he tracked the steel barrel where it had been rolled down the hill and through the roughs to about two hundred yards to two hundred and fifty yards from said camp. The evidence further shows that the appellant was a short distance from the camp at the time he was seen first and not close to or near proximity of said articles and was eating some winter grapes, and that he shortly thereafter turned and went where the said deputy Sheriff was near the said Ford car and was there arrested. The State introduced Julius Beavers as a witness who admitted upon the stand and testified that he and one Duff Beavers and appellant were intending to make whiskey out of the mash and with the utensils above mentioned and that they had assembled all of said articles there for said purpose and were intending later on to boil off said mash and manufacture same into whiskey, which testimony of said Beavers, if believed would connect the appellant sufficiently with the alleged crime to convict him, if said Beaver's testimony was properly corroborated. He also testified that the Ford car belonged to Duff Beavers, his cousin, and that he and Duff Beavers and appellant had had some words the night before the arrest the following day. The appellant took the stand in his own behalf and denied having any knowledge of said mash or any connection therewith in any manner or the assembling of said articles above named, for the purpose of manufacturing intoxicating liquor, and denied all connection therewith or any knowledge thereof save and except that he helped the witness, Julius Beavers roll the barrel down the hill and Julius Beavers requested him and Duff Beavers to help bring down the roughs another barrel, which brought about a quarrel between he and Beavers, which they refused to do; that he and Duff Beavers had left Hill County and gone over in the neigh-

borhood where Julius Beavers was then residing and were on their way from Hill County to El Paso and had intended to stop over a few days to see if they could obtain work while enroute and that it was his and Duff Beaver's intention the following morning to leave said camp and to continue their journey.

The trial court properly recognized that Julius Beavers was an accomplice and so instructed the jury on the law applicable to accomplice testimony: It is strenuously insisted by the appellant's counsel that there is not sufficient testimony to corroborate Julius Beavers, the accomplice in this case to the extent of connecting the appellant with the alleged offense; and unless it can be said that his admission of assisting said Beavers in rolling or carrying the barrel off the cap rock a part of the way down the canyon or roughs is sufficient corroboration to connect him with the alleged offense, then the appellant's contention is true and would have to be sustained. We have carefully examined the entire record of this case and are forced to the conclusion that the evidence showing the appellant assisted in carrying the barrel down off the cap rock is not sufficient of itself to connect the defendant with the alleged crime. There is no other evidence in the record showing that the appellant assisted in any way the assembling of these articles or knew anything about the purpose for which they were to be used or that he knew that same were there, outside the barrel he assisted in rolling and refused to help bring it down the hill, except the testimony of said accomplice, Beavers. We think this testimony is insufficient corroboration to authorize the conviction in this case, and in support thereof cite the cases of: Hanson v. State, 27 Tex. App. 140, 11 S. W. 37; Williams v. State, 82 Tex. Crim. Rep. 215; Weatherred v. State, 272 S. W. 471; Noble v. State, 273 S. W. 251.

The judgment of the trial court is therefore reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.