### R. V. HARPER v. THE STATE.

No. 9369.　Delivered March 31, 1926.

**1.—Possessing Mash—Indictment—Held, Sufficient.**

Where an indictment, brought under Art. 666 P. C. 1925, charges that accused did "unlawfully possess mash for the purpose of manufacturing spirituous, vinous and malt liquors capable of producing intoxication," same is sufficient, and it is not necessary for the indictment to further allege that the mash was *used for that purpose.* Following Manly v. State, 276 S. W. 695.

**2.—Same—Insanity of Defendant—Issue for Jury.**

Where, on the trial appellant defends against the charge on the ground of insanity and introduces evidence sustaining this theory, but the issue is contested by the state, and evidence introduced showing that appellant was not insane, and the jury credited and believed the state's witnesses, this court is unauthorized under the law to disturb the finding of the jury thereon.

Appeal from the District Court of Eastland County. Tried below before the Hon. George L. Davenport, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. D. Barker* of Cisco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robt. M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the 91st District Court of Eastland County for unlawfully possessing mash for the purpose of manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The indictment contains three counts. The first charged the appellant with possession of intoxicating liquor for the purpose of sale; the second, with the possession of mash for the

purpose of manufacturing intoxicating liquor; and the third, with the possession of a still for the purpose of manufacturing intoxicating liquor. The first count was dismissed and the second and third counts were submitted to the jury, and the verdict was returned upon the second count. The state's testimony showed that the sheriff and his deputies searched the premises occupied by the appellant, his father and mother, and found in the house a 40-gallon copper boiler, a furnace, coal oil burner, piping, a 50-gallon barrel of mash, a lid for the boiler with a hole in the center, and places where dough had been plastered around the edges thereof, three or four sacks of chops or bran, and several 100-pound sacks of sugar. In another room of said house was found another boiler. The state's witnesses denominated said boilers as stills, and the piping as worms, and further testified to finding bottles and jugs which had the smell of whiskey and contained a small quantity therein. Said witnesses also testified that the 40-gallon boiler had the smell of sour mash or whiskey. The state also introduced in evidence a confession of the appellant, admitting that the equipment and mash in question were his and he had same for the purpose of manufacturing whiskey.

It was the contention of the appellant, while he himself did not testify, and he offered evidence in support thereof, that he was insane and that said mash, material and equipment found by the state's witnesses was the property of his father and not his, and that said boilers were used for washing purposes, and not for the purpose of manufacturing whiskey, and that the mash was used by his father in feeding his mules.

The appellant's counsel attacks the validity of the indictment and relies largely thereon for a reversal of this case. The record discloses that said indictment was attacked by motion to quash, wherein it is contended that it is no violation of law to possess mash, under the statutes, or equipment for making whiskey, unless same was used for that purpose. The second count of the indictment, omitting the formal parts, is as follows:

"And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that on or about the 14th day of December, 1924, and anterior to the presentment of this indictment, in the county and state aforesaid, R. V. Harper, did unlawfully possess mash for the purpose of manufacturing spirituous, vinous and malt liquors, capable of producing intoxication."

In addition to moving to quash the indictment on the ground that there is no law against possession of mash for the pur-

pose of making intoxicating liquor, the appellant raised the question by asking the court to instruct the jury to return a verdict in his favor, and that said testimony is insufficient to sustain a conviction. We are unable to agree with the contention made by the appellant to the effect that Penal Code, 1925, Art. 666, does not make it an offense to possess mash or a still for the purpose of manufacturing intoxicating liquor. This question has been specifically decided by this court against appellant's contention in the case of Manley v. State, 276 S. W. 695.

Appellant also contends that the evidence is insufficient to support the verdict because the great preponderance of the testimony shows he was insane, and that the jury was therefore unwarranted in returning a verdict of guilty. This was an issue of fact, and while the testimony of the appellant's witnesses, if believed by the jury, would have authorized them in acquitting him on the issue of insanity, but this issue was contested by the state and evidence introduced showing that the appellant was not insane, and the jury credited and believed the state's witnesses, and under such circumstances this court is unauthorized, under the law, to interfere with the finding of the jury thereon.

After a careful examination of the entire record, and finding no error in the trial thereof, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

Per Curiam: The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.