Steve Mann v. The State.

No. 9391.   Delivered November 4, 1925.

Theft—Accomplice's Testimony.—Corroboration Insufficient.

Where, on a trial for theft, the State relies for a conviction upon the testimony of an avowed accomplice, who was corroborated only by the testimony of the owner of the lost property, to the effect that a pair of sox, and an undersuit, which were not described in the indictment, and which were found in appellant's possession, he *supposed* was taken at the same time that the other goods were stolen. The supposition of a witness as to a fact, cannot be held sufficient corroboration of an accomplice, and the cause must therefore be reversed and remanded.

Appeal from the District Court of Polk County.   Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction of theft, penalty two years in the penitentiary.

The opinion states the case.

*Cade Bathea, P. R. Rowe, Jr.,* and *S. F. Hill,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the District Court of Polk County for the offense of theft and his punishment assessed at confinement in the penitentiary for a term of two years.

The indictment charged the appellant with the theft of certain dry goods which are fully described in the indictment and alleged that they were taken from the possession of J. D. McCardell.

The State introduced the witness Rex Perry, who was an admitted accomplice and who testified that appellant and himself stole the goods in controversy.  The question to be decided is as to the sufficiency of the corroboration of this witness. McCardell, the manager of the commissary from which the goods were stolen testified that in accordance with the allegations in the indictment at the time of the theft he lost two suits of clothes of the value of $25.00 each, two suits of clothes of the approximate value of $15.00 each, two leather grips of the value of $12.50 each and four pairs of blue serge

pants of the value of $6.00 each. We quote further from his testimony:

"There were other things other than those articles I have enumerated that were taken from the store. I have a list of the items that were taken. I will state what they were:

"There were four pair blue serge pants taken of the value of $6.00 each; three pair of work pants taken of the value of $3.25 each; four dress shirts at a value of $4.50; seven over-shirts of the value of $3.00 each; two caps of the value of $2.50 each; one hat of the value of $6.00 and the goods, shoes and grips and things you have just named.

"I had the management and care of that merchandise at that time. The total value of those articles that I have enumerated is $210.25.

"I saw this property after it was taken from the commissary; it was down here in Mr. Holliday's office. At that time I identified that property by the cost marks on the goods. We carried them back to Camden.

"I saw other merchandise recovered other than that in Mr. Holliday's office. I saw merchandise that they took off of the man at the store when they caught him; that merchandise was not there in Mr. Holliday's office. It was taken off of the defendant. He took one pair of brown hose off of him and the defendant had an undersuit on that belonged to the store. I suppose that undersuit was taken at the time this other merchandise was taken."

The record discloses that the appellant was not found in possession of any of the goods described in the indictment and none of the goods described by McCardell except the undersuit and a pair of socks. On the contrary, the accomplice testified that the goods that they took from the store were taken off and hidden and they were found by the officers at the place where the accomplice testified that he and appellant had hidden them. Unless the testimony of McCardell stated above furnishes corroboration of the accomplice testimony then same was not corroborated. The only part of McCardell's testimony that could have corroborated the accomplice was that part of it wherein he claimed that the appellant was found with a pair of brown hose and an undersuit that belonged to the store. It must be noted however, that the only statement he made that could have connected these goods with the goods lost at the time of the theft was the statement to the effect that he supposed that the undersuit was taken at the time this other merchandise was taken. It is proper to say that the appellant

objected to the introduction of this statement from the witness McCardell on the ground that it was an opinion and a conclusion of the witness. It is sufficient to say that even if the testimony were admissible, which it was not, it was still wholly insufficient to show that this underwear and socks were taken at the time of the theft of the property for which the appellant was being tried. We cannot adopt the rule of holding that a man may be incarcerated in the penitentiary on the opinion or conclusion of a witness. If the prosecuting witness knew these goods were taken at the same time the others were stolen, then it was his duty to say so and if he didn't know it, then he had no right to express his opinion or conclusion concerning the matter. In this connection, it may be noted that the appellant testified in his own behalf and testified that he bought the underwear and socks some one or two days before the theft of the other property occurred, and in the face of this testimony from the appellant, the prosecuting witness and no other party in charge of the store attempted to dispute the appellant's testimony.

From what has been said it follows that in our opinion the testimony corroborating the accomplice is wholly insufficient and for that reason in our opinion the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.