BOB KIRBY v. THE STATE.

No. 11028.    Delivered June 15, 1927.

**Robbery—Accomplice Testimony—Corroboration Insufficient.**

The only testimony of an incriminating character offered by the state in this case, was that of A. G. Hawkins, a confessed accomplice, and who was under indictment for the same offense. Unless there is corroboration of an accomplice's testimony to the extent required by our statutes a conviction cannot stand. See Noble v. State, 273 S. W. 251, and other cases cited.

Appeal from the District Court of Archer County. Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

*L. C. Counts* of Olney, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted for the offense of robbery, and his punishment assessed at five years in the penitentiary.

The appellant was jointly indicted with Whitie Martin and A. G. Hawkins. A severance was granted, and appellant alone put on trial. The state relied for a conviction on the testimony of the accomplice, A. G. Hawkins. Hawkins testified that he and Whitie Martin and appellant robbed G. E. Eubanks, the man named in the indictment; that Hawkins held the gun on Eubanks, and Whitie Martin and appellant got the money.

Appellant denied any connection whatever with the robbery, relying upon an alibi as a defense.

The learned trial judge submitted the case on the theory that appellant was a principal offender by reason of having advised and agreed with Hawkins to rob said Eubanks, appellant being present at the time of the robbery. The trial judge also submitted the law as to accomplice testimony. Hawkins was an accomplice, and unless there be other testimony than that of Hawkins which tends to show the presence of appellant at the time and place of the robbery the state has wholly failed to make out its case, no matter how strong the other testimony might tend to show the guilt of appellant as an accomplice to the offense of robbery. We have searched the record in vain for testimony other than that of Hawkins tending to connect appellant with the alleged robbery. There is nothing in the record tending to show the presence of appellant at the scene of the robbery except the testimony of Hawkins. In our opinion the corroborative evidence is not sufficient to warrant a conviction. Noble v. State, 273 S. W. 251; Mann v. State, 276 S. W. 1100; Ross v. State, 286 S. W. 221; Art. 718, C. C. P., 1925.

For the reason assigned above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.