## WHITIE MARTIN v. THE STATE.

No. 11047.     Delivered June 24, 1927.

**Robbery—Accomplice Testimony—Corroboration Insufficient.**

Aside from the testimony of two accomplices, there is no evidence in the case that appellant was in any way connected with the commission of the offense. The corroboration of the accomplice testimony is insufficient, and the cause is reversed and remanded. See Noble v. State, 273 S. W. 251, and other cases cited.

Appeal from the District Court of Archer County. Tried below before the Hon. E. G. Thornton, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

*O. M. Wylie,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE. — The appellant was convicted for the offense of robbery, and his punishment assessed at five years in the penitentiary.

This is a companion case with No. 11028, Bob Kirby, in which the opinion was delivered on June 15, 1927.

The evidence in this case shows that the appellant was present at the time of the robbery; that he, together with the prosecuting witness Eubanks, was robbed by the accomplice witness Hawkins and Bob Kirby.   These facts were testified to by the accomplice witness.

There is nothing in the record tending to connect appellant with the alleged robbery.   There are no facts showing that he knew the robbery was to take place, nothing to show that he aided by acts, or encouraged by words or gestures, the said Hawkins and Kirby in the commission of the robbery.

It is our opinion the corroborative evidence is not sufficient to warrant a conviction.   Noble v. State, 273 S. W. 251; Mann v. State, 276 S. W. 1100; Ross v. State, 286 S. W. 221; Art. 718, C. C. P., 1925.

For the reason assigned above, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.