L. STRINGFELLOW v. THE STATE.

No. 12179. Delivered February 6, 1929.
Rehearing denied State March 20, 1929.

*W. H. Talbert* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, and *V. P. Craven,* County Attorney of Weatherford, for the State.

MARTIN, JUDGE.—Offense, robbery with firearms; penalty, five years in the penitentiary.

Appellant was indicted as a principal for the robbery of Walter Browder with firearms. A sufficient statement of the evidence to illustrate the point discussed is briefly as follows:

The injured party, Walter Browder, was in business in the town of Weatherford and on the night of November 27, 1926, a Ford car parked in front of his place of business in which he observed two men, the driver and his companion on the front seat. Thereafter the companion of said driver entered witness' place of business and robbed him of $200.00 at the point of a pistol. About one-half hour thereafter a Ford car was chased by officers down the Ft. Worth highway and an object was seen to jump therefrom. Approaching the spot, officers found appellant climbing out of a ditch. He claimed that a car knocked him in the ditch. A few minutes later the same Ford car was captured and in it was one occupant. The occupant was identified as the driver of the car which parked in front of appellant's place of business. Appellant was not identified as one of the occupants of said car at the time of the robbery. He is not shown to have been present at same nor are there sufficient circumstances to show that he ever advised or encouraged the commission of the offense. The State shows the presence of appellant in town on the night of the robbery but nowhere proves his presence in the vicinity of the robbery at the time of its commission. Appellant had

neither a pistol nor any of the stolen money in his possession when captured. Nor was either shown to be in possession of the other party when captured.

It is insisted that the evidence is insufficient. The rule has been stated as follows:

"If the defendant on trial was not present when the offense was committed and was doing nothing in aid of the common design when the offense was committed, he would not be a principal although the facts support the theory that he was both an accomplice and accessory, or a receiver of stolen property, or either." Bean v. State, 17 Tex. Crim. App. 60; Silvas v. State, 159 S. W. 223; Branch's P. C., P. 348.

It has been further stated:

"If the state indicts and tries one as a principal under article 78 of our Penal Code, that is, as one who advises and agrees to the commission of a crime and who is present when same is committed, the proof of the presence of the accused must be made in accordance with law." Ross v. State, 286 S. W. 221. See also Noble v. State, 273 S. W. 251; Menefee v. State, 149 S. W. 138.

The Court correctly charged the jury on the law of principals as follows:

"All persons are principals who are guilty of acting together in the commission of an offense.

Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal offender, whether he aid or not in the illegal act."

The burden was upon the State to prove that appellant came within the terms of this definition of principals and believing that it has failed to make this proof, the judgment of the trial court is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The State's motion for rehearing has been examined and considered. The conclusion reached and stated in the original opinion, however, is deemed correct.

The motion for rehearing is overruled.

*Overruled.*