JUAN CISNEROS v. THE STATE.

No. 12836.   Delivered December 4, 1929.

The opinion states the case.

*Canales & Eidman* of Brownsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Transporting intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

Officer Estes took possession of a number of bottles of intoxicating liquor from Martin Sanchez and Ambrosio Cruz, who were hauling it in an automobile. Sanchez testified for the State on the promise of immunity, his case having been dismissed. His testimony is as follows: He was given $45.00 by Juan Cisneros and was told to take it and get some liquor; that he would be paid $3.00 by Cisneros for transporting the liquor. Cisneros borrowed an automobile from Geronimo Cervantes and delivered it to Sanchez. The witness, in company with Ambrosio Cruz (who had also been promised $3.00 for a like service) went to the bank of the Rio Grande River, using the car delivered to them by the appellant. Sanchez and Cruz got the liquor and were arrested as they were hauling it back to the home of Cervantes.

The appellant testified denying the transaction to which the witness Sanchez testified, and said that after borrowing and using Cervantes' car, because of sickness it was left by him at his home and taken therefrom without his knowledge or consent.

Cervantes testified that he loaned his automobile to the appellant; that he did not know to what use it was to be put; that he next found it in custody of the officers.

As understood, the testimony of the State is that the appellant furnished to Sanchez and Cruz an automobile and $45.00 in money; that he directed them to go to the river after some intoxicating liquor and bring it to the home of Cervantes; that Sanchez and Cruz got the liquor and carried out the instructions except that they were intercepted and arrested on their return. The appellant was not shown by the evidence to have been present or in custody of the liquor at any time.

Appellant advances the contention that his conviction as a principal was unauthorized for the reason that the evidence shows that his connection, if any, with the offense was that of an accomplice and

not as a principal. An accomplice is one who is not present at the commission of the offense but before the act is done, advises, commands or encourages another to commit the offense; or one who prepares arms or aid of any kind, prior to the commission of an offense, for the purpose of assisting the principal in the execution of the same. (Art. 70, P. C., 1925). The prime distinction between a principal and an accomplice, as defined in Title 3, Chapters 1 and 2, P. C., 1925, is that the law requires a principal to be present at the commission of the offense, while one may be an accomplice without his presence. On the facts, the case seems to be in substantial accord with that of Burow v. State, 210 S. W. 809, in which the case of Smith v. State, 21 Tex. Cr. App. 108, is distinguished and many decisions of this court discussed. See also Ross v. State, 286 S. W. 221. If any offense was committed by the appellant, he was guilty as an accomplice, and under no phase of the evidence could he be held as a principal. The court erred in not so treating the case and instructing the jury to that effect.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*