# MARCH 27, 1936

CECIL ASKEW v. THE STATE.

No. 17440. Delivered March 27, 1935.

The opinion states the case.

*C. E. Florence* and *W. W. Sanders,* both of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The testimony shows that on the night of January 25, 1934, the home of J. J. DeLoach was entered during his absence and a quantity of canned beef, canned fruit, preserves, a can sealer, and a double barreled shotgun taken. When Mr. DeLoach returned to his home at about 10 P. M. he discovered that his house had been entered and that said articles had been taken. He immediately notified the officers who made an investigation and found several tracks leading to and from the house. One track appeared to have been made by a No. 7 or 7½ shoe with a heel bearing a Star in the center thereof, and it was shown that appellant wore shoes which had a star in the center of the heel. Albert Quinton testified that on the 25th day of January, the appellant was living at the home of the witness and his mother; that late in the evening of January 25th, he and the appellant went to the home of Mr. Galbreath to sign up a Government contract for reduction of cotton acreage; that they left Galbreath's home about dark and went to the home of Mr. DeLoach where they unlocked the front door with a key which appellant had with him; that they took a quantity of canned beef, fruit, preserves, a can sealer and a shotgun, part of which they carried to the woods and hid under pine leaves, where it was subsequently recovered; that they carried the balance home with them; that the appellant hid the can sealer in the chimney and the shotgun under the mattress of the bed. The shotgun was never recovered. Mr. Galbreath testified that Albert Quinton, accompanied by the appellant, came to his home late in the evening of January 25th to sign up a cotton acreage reduction contract; that the two left his home about dark but he did not notice in which direction they went; that they did not have any sacks with them when they came to his home. The sheriff testified that the appellant wore a pair of shoes with a rubber heel bearing a star in the center thereof; that it was a pair of Star brand shoes; that he measured them with a stick and found them to be about the size of the tracks found at the home of Mr. DeLoach, but there was no worn place or peculiar mark on the shoes which would make a peculiar track. Mr. Gorman, a deputy sheriff, testified that he found two tracks, one of which was made by about a number 7 or 7½ shoe and the other by about a number 8 shoe. The smaller track showed a large star in the center of the heel

with a number of small stars around the nail holes. Mr. Simmons testified that he was an employee of Perkins Brothers who were engaged in the mercantile business; that he had been engaged in selling Star brand shoes for a number of years; that the heel of the Star brand shoes bears a star in the center and circles at the outer edge in which tacks are driven; that the Star brand shoes have no small stars around the outer edge of the heel. The appellant did not testify.

The appellant contends that the testimony adduced by the State is insufficient to warrant his conviction, in this, that the State failed to sufficiently corroborate the self-confessed accomplice. For a proper solution of this question it may be well to apply the rule announced by this court in the case of Welden v. State, 10 Texas App., 400, which reads as follows: "Eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witness or witnesses with the view to ascertain if there be inculpatory evidence—evidence tending to connect the defndant with the offense. If there is, the accomplice is corroborated; if there is no inculpatory evidence, there is no corroboration, though the accomplice may be corroborated in regard to any number of facts sworn to by him."

In the case of Minor v. State, 108 Texas Crim. Rep., 1, 299 S. W., 422, the rule was stated as follows: "It is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supply the test. If by this rule it appears on appeal that before the jury there was proof confirming the testimony of the accomplice to material facts tending to connect the accused with the commission of the offense, the law is satisfied." See Meredith v. State, 85 Texas Crim. Rep., 239. In the case of McInnis v. State, 54 S. W. (2d) 96, this court, speaking through Judge Hawkins, said: "Of course, it must be understood in this connection that the combined and cumulative testimony of the non-accomplice witnesses would not be as to material facts, unless the facts established by this combined and cumulative testimony were of a criminative character, that is, such as tend to connect accused with the commission of the offense charged."

Applying the rule which eliminates the testimony of the accomplice, then what have we left? The bare fact that the accomplice and appellant went to the home of Mr. Galbreath late in the evening of January 25th and left there about dark. There is no testimony showing that they went in the direction of Mr. DeLoach's home, which was something like one and one-

half or two miles away. No one saw them on the way or anywhere about the premises of Mr. DeLoach, nor did anyone see them leave the same. Of course, there is testimony that two tracks were found some little distance from the burglarized house, and one appeared to have been made by a No. 7 or 7½ shoe and the other by a No. 8 shoe. The smaller track, according to the testimony of Mr. Gorman, showed a shoe with a large star in the center of the heel and a number of small stars on the outer edge of the heel, but the appellant's shoes merely had a star in the center of the heel and no small stars on the edge thereof. There is further testimony that all Star Brand shoes have a star in the center of the heel with small holes on the edge thereof where nails or tacks are driven in to hold the heel to the shoe. None of the stolen property was found in the possession of appellant; it seems to have been found at the home of the accomplice and in his possession. It is our opinion that the accomplice has not been corroborated in any material matter connecting the appellant with the commission of the offense. See Jones v. State, 59 Texas Crim. Rep., 559.

Therefore, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.