NATHIEL BUCHANAN v. THE STATE.

No. 20859. Delivered February 28, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*W. A. Culwell,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was charged by complaint and information with

the offense of being an accomplice to misdemeanor theft, and upon his conviction in the County Court, was sentenced to confinement in the county jail for ninety days.

Jim Stokes, who was named as the principal offender in the alleged transaction, testified that he and appellant had entered into an agreement whereby Stokes was to steal some automobile tires, that appellant was to sell them and that they would then divide the proceeds. In accordance with this agreement, Stokes entered the garage of one Lester Stone in Amarillo, Texas, on the night of January 29, 1939, and removed from a Chevrolet automobile, three wheels with the tires and tubes, which had an estimated value of $22.50. Stokes hid these wheels and tires in an alley in the vicinity of Stone's home about one o'clock in the morning. He then proceeded to contact the appellant, who secured the services of a negro taxi driver to go with him and Stokes to take the tires to some other place. They did not explain to the taxi driver, however, the purpose of the call, and as they came to the intersection of the alley with the street, they stopped and Stokes went to the place where he had left the tires while appellant remained in the car. As Stokes approached, he found officers waiting for him. The officers fired at him as he ran but he succeeded in making his escape. When the officers began shooting, the appellant directed the taxi driver to get away as soon as possible. Appellant denied any knowledge of the purpose which Stokes had in going into the alley. The State's Attorney has conceded error in this case on the ground that the appellant was convicted in a misdemeanor case as an accomplice. Branch's Ann. Tex. P. C., p. 357, sec. 699, reads as follows: "There is no distinction between principals and accomplices in misdemeanors; a party who would be an accomplice if the offense was a felony is a principal if the offense is a misdemeanor. If the defendant comes within either the definition of an accomplice or a principal he is a principal in a misdemeanor."

The appellant could not be convicted in the manner charged by the court.

The judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The County Attorney of Potter County, in behalf of the State, has filed a motion for rehearing in this case. He contends that we erred in holding that appellant, who was charged

as an accomplice to a misdemeanor theft, could not be convicted as such. It may be that the opinion is subject to such construction. However, we disclaim any intention of making any distinction between principals and accomplices in misdemeanor cases. We recognize the doctrine that in misdemeanor cases there are no accomplices: All parties connected with the commission of an offense, classed as a misdemeanor, are principals. But in no event can this conviction stand for the reason that all the testimony relating to appellant's connection with the offense comes from the confessed thief, Jim Stokes, and his testimony is not corroborated as required by law. See Art. 718, C. C. P.; Durham v. State, 106 Tex. Cr. R. 85; Mann v. State, 102 Tex. Cr. R. 34; Askew v. State, 128 Tex. Cr. R. 223.

The motion for rehearing is overruled.