### JIM ROBINSON v. THE STATE.

No. 4144.   Decided December 12, 1908.

**Theft of Horse—Evidence—Declaration by Defendant—Other Offense—Confession.**

Upon trial of theft of a horse, where it was shown that while the defendant was under arrest for another offense he made statements with reference as to how he obtained the horse for the theft of which he was being tried, the same were not admissible in evidence. Distinguishing Pate v. State, 46 Texas Crim. Rep., 483; Mathis v. State, 39 Texas Crim. Rep., 349, 47 S. W. Rep., 464. Following Neiderluck v. State, 21 Texas Crim. App., 320.

Appeal from the District Court of Williamson County.   Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of theft of a horse; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of a horse, and his punishment assessed at three years confinement in the penitentiary.

The record contains but one bill of exceptions, which is as follows: The State introduced the witness Olive, who testified: "I arrested the defendant sometime last spring, just south of Taylor; he was riding a horse, the one that he is now being tried for the theft of; he was an old horse, very poor. I did not at first arrest him for the theft of the horse, but upon another charge. After I had arrested him and started up to town with him, I asked him where he got the horse he was riding, and he first told me that he got him from a man named Foster, a white man, whom he said lived beyond the fair grounds; he then said he got him from his uncle named Fogle, and that Fogle lived down about Circleville, and then he told me he got the horse from some one else, and altogether he told me of five or six people from whom he got the horse. Part of these statements were made while we were going up town and part of them made after he was put in jail at Taylor, but all of them were made before he was arrested for the theft of the horse." Appellant objected to the testimony on the ground that defendant was then under arrest, not being made in open court, and not being sworn to, it could not be used against him, and because it involved the arrest of the defendant by an officer upon another charge and for another offense than the one for which he was being tried, and placed in jail, for same would prejudice the defendant in the minds of the jury, in the trial of this case, and deprive him

of his right to be tried by an unprejudiced jury, and upon the facts of the case in which he was being tried. This bill of exceptions has this explanation thereon: "The district attorney first asked the witness Olive if he had had a conversation with defendant on the occasion in question, and if so, to state the conversation; the defendant's attorney asked leave to first ask the witness a question, which was granted and defendant's attorney asked the witness the question whether the defendant was under arrest at the time witness had the conversation with defendant, to which witness answered, yes; the defendant then objected to any further answer on the grounds stated in the bill; the district attorney then asked the witness whether the defendant at the time of the conversation was under arrest for the theft of the horse, or for some other offense, to which defendant renewed his objections, which were overruled, and the witness answered that he was under arrest for another offense; and then proceeded to testify as set out in the bill. The defendant having objected to any of said statements on the ground that defendant was under arrest, the district attorney contended that he had a right to show that the arrest was not for the theft of the horse in question, as bearing on the admissibility of the statement, and of the weight to be given to it, and it was admitted for this reason. No request was made by defendant to limit the testimony in the charge." This testimony was not admissible. In the case of Pate v. State, 46 Texas Crim. Rep., 483, and Mathis v. State, 39 Texas Crim. Rep., 349; 47 S. W. Rep., 464, we held that although appellant was under arrest, statements about transactions that subsequently took place were admissible, but it is not permissible to prove statements about crimes that had theretofore been committed although the party is not under arrest for the particular crime about which the statement is made. Davis v. State, 19 Texas Crim. App., 201; Taylor v. State, 3 Texas Crim. App., 387; Grosse v. State, 11 Texas Crim. App., 364; Neiderluck v. State, 21 Texas Crim. App., 320; Carter v. State, 23 Texas Crim. App., 508. It follows, therefore, that the testimony was not admissible.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*