CLAUDE NOBLE v. THE STATE.

No. 9082. Delivered June 3, 1925.

**Unlawfully Driving Auto—Accomplice Testimony—Corroboration Insufficient.**

The measure of corroboration of accomplice testimony, as stated in the statute, is that it must tend to connect the accused with the *offense*, and that it must do more than show that the offense was committed. In the

present case there are circumstances showing the commission of the offense, but none save those mentioned which tend to connect the appellant with it and the corroboration is *held* insufficient. Analogous cases are Sims v. State, 253 S. W. 278 and others cited.

Appeal from the County Court of Hale County. Tried below before the Hon. A. C. Hoffman, Judge.

Appeal from a conviction of unlawfully driving an automobile; penalty, a fine of twenty-five dollars, and confinement in the county jail for thirty days.

The opinion states the case.

*Cole & Simpson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully driving and operating an automobile is the offense; punishment fixed at a fine of twenty-five dollars and confinement in the county jail for a period of thirty days.

The witness Helm left his automobile near the home of Walter Thomas, about three miles from Deep Lake Church. Upon his return from church the automobile was missing.

The witness, Jesse Boyd, a youth nineteen years of age, on behalf of the State, testified that he and the appellant, after going to church, went horseback, both on the same horse, to the house of Thomas and got Helm's automobile. They tied the horse in Cope's field at a point about half a mile from the house. They started the car with a knife point inserted in the switchbox. They drove to Hancock's Lake and back from there to Tampeco on the Turkey and Memphis Road. They crossed the Ox-Bow bridge, and returned from Tampeco to Deep Lake. They drove a total of ten, twelve or fifteen miles. They went through Williams' field and lost a casing, after which they ran on the rim for a while. They finally left the car about a quarter of a mile from Luttrell's house and about a mile from that of Thomas. They abandoned the car about twelve o'clock at night. While driving in the pasture, they ran over two calves near Hancock's Lake. Upon striking the calves, the lights in the front of the car were broken. After leaving the car, they went and got the horse where they had left it and went home. The radiator cap was taken off the car and thrown through the windshield.

The corroborative testimony may be summarized thus: Appellant and Boyd were seen together riding upon the same horse and going in the direction from the church towards Thomas' house. A calf with a broken leg was found in Tucker's pasture. Another calf with

a broken shoulder and a greasy spot on its side was found. There were fresh tracks in Cope's field where the horse had been tied. A car had been driven in Williams' field. Helm's car was found on the road at the point described by Boyd. The cap of the radiator was gone, the two front lights were broken, one tire was gone entirely and the wind-shield had a hole in it.

There were correct charges given characterizing Boyd as coming within the purview of the statute prohibiting a conviction upon the testimony of an accomplice alone. See Art. 801, C. C. P. The only testimony which we find in the record, except that of Boyd, which tends to connect the appellant with the offense, is that which shows that Boyd and the appellant were together at the church some two or three miles and that they left the church together on horseback on the night that the car was missing. The other testimony relied upon to corroborate Boyd is of no cogency to connect the appellant with the offense charged. The mere fact that the two were seen together before the offense was committed is not deemed sufficient to meet the requirements of the statute requiring corroboration of an accomplice witness. The measurement of such testimony, as stated in the statute, is that it must tend to connect the accused with the offense and that it must do more than to show that the offense was committed. In the present case; there are circumstances showing the commission of the offense, but none save those mentioned which tend to connect the appellant with it. Without a review of the precedents upon the subject, we express the opinion that the corroborative evidence adduced is insufficient to warrant the conviction. Analogous cases are Sims v. State, 253 S. W. Rep. 278; Cottrell v. State, 240 S. W. Rep. 313; Hunt v. State, 229 S. W. Rep. 869; Johnson v. State, 208 S. W. Rep. 170.

For the reason stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*