### J. D. STEEDLEY V. THE STATE.

No. 10441.   Delivered February 2, 1927.

Rehearing denied March 23, 1927.

**1.—Aiding Prisoner to Escape—Statements of Accused—Properly Admitted.**

It is the well settled rule in this state that "if the offense was then being committed, or the statements concerned an offense which had not yet been committed, the oral statements of the defendant would be admissible, though made while in jail, or under arrest. See Branch's Ann. P. C., also Delaney v. State, 41 Tex. Crim. Rep. 601, and numerous other cases cited.

2.—Same—Continued.

In accord with the above stated rule, proof of appellant's conduct and conversations while in jail on the first occasion, relating to an offense not yet committed, but which was then being contemplated and planned, and those proven on the second occasion of his incarceration, which related to an offense then being committed, were properly admitted in evidence, not being embraced within the provisions of Art. 727, C. C. P. 1925.

ON REHEARING.

3.—Same—Evidence—Withdrawing Testimony—Error Cured.

Where certain hearsay testimony was admitted without objection, and appellant then requests that same be withdrawn from the jury, and the court instructs the jury not to consider such testimony, the error in its admission is cured. However, where testimony is admitted without objection, and no motion is made to exclude same, no error is shown in the admission of such testimony.

4.—Same—Evidence—Held Sufficient.

Where appellant had been arrested and placed in jail on a charge of drunkenness, and while in jail was heard to agree with one of the inmates to bring saws into the jail, to enable the prisoner to escape, and a few days later caused himself to be again arrested and taken to jail, and delivered to the party whose escape he was aiding, a package of saws, this testimony was ample to support the conviction.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for aiding a prisoner to escape, penalty five years in the penitentiary.

The opinion states the case.

*Saunders & Bounds* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for conveying saws into the jail of Stephens County to facilitate the escape of G. C. Allen, who was confined in the jail on an accusation of felony. The punishment assessed was five years in the penitentiary. (Prosecution was under Art. 328, Penal Code.)

G. C. Allen was in jail on a felony charge. Appellant was placed in jail for drunkenness. Other inmates of the jail at the time testified to conversations between appellant and Allen and between witnesses and appellant which authorized the jury to find that Allen had made arrangements with appellant for the latter to bring saws into the jail to be used by Allen in effecting

his escape. Appellant was released from jail upon paying his fine. Some three or four days later he appeared in the court house apparently again drunk. He was taken in charge by the officers and placed in jail the second time. The jailer observed him as he was taken upstairs in the jail and thought his intoxication more simulated than real. Inmates of the jail testified that immediately upon his second entrance in jail appellant called for Allen, who was seen to receive a package from appellant. In a few minutes thereafter Allen exhibited the saws to another prisoner. The next day appellant paid his fine upon the second drunkenness charge and was again released. When the saws were discovered by the officers appellant was again and for the third time arrested and placed in jail, the last time upon the present charge. No evidence was introduced by the state as to the conversation and conduct of appellant after he had been arrested and confined upon the charge of conveying saws into the jail. Appellant complains because the court admitted proof of his conduct and conversations while in jail on the first two occasions, it being his contention that Article 727, C. C. P. (Rev. 1925), which prohibits proof of statements made while under arrest or in custody except under certain conditions, was available to him. This contention cannot be sustained. The conversations and conduct proven on the first occasion while appellant was in jail related to an offense not yet committed, but which was then being contemplated and planned, and those proven on the second occasion of his incarceration related to an offense then being committed, it being the state's theory that appellant had purposely contrived to be arrested and placed in jail to furnish an opportunity to commit the very offense for which he is now convicted. We quote from Branch's Ann. Tex. Penal Code:

"If the offense was then being committed, or the statements concerned an offense which had not yet been committed, the oral statements of defendant would be admissible though made while in jail or under arrest."

The text is supported by many authorities. See Delaney v. State, 41 Texas 601; Banks v. State, 13 Tex. Crim. App. 182; Davis v. State, 19 Tex. Crim. App. 201; Mathis v. State, 39 Tex. Crim. Rep. 549, 47 S. W. 464; Pate v. State, 46 Tex. Crim. Rep. 483, 81 S. W. 737; Reinhard v. State, 52 Tex. Crim. Rep. 59, 106 S. W. 128; Lane v. State, 59 Tex. Crim. Rep. 595, 129 S. W. 353; Robinson v. State, Tex. Crim. Rep. ——, 114 S. W. 811.

Appellant complains of the introduction of certain hearsay evidence against him. No objection was made to this testimony

when offered.  The court's attention was first called to it by a motion to withdraw it from the jury.  The request was promptly complied with.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Complaint is made in the motion for rehearing of the fact that the learned trial judge, in instructing the jury not to consider certain hearsay testimony of the witness Dillon, failed and refused to so instruct the jury with regard to the same testimony given by two other witnesses.  Examination of the record discloses that no objection was made to the testimony of the two other witnesses, and no motion was made to exclude the testimony given by them.

Complaint is also made of the insufficiency of the testimony. A review of the facts shows that appellant was put in jail and was heard engaged in conversation with one of its inmates, and later told other people that said other inmate had offered him one hundred dollars to bring saws into the jail.  The facts further show that upon a real or pretended charge appellant was put in jail again a few days later and was seen to hand a package to the party whom he claimed had offered him one hundred dollars to bring saws into the jail.  A few minutes later said party exhibited to other parties a package containing a number of saws.  In our opinion this was sufficient to justify the jury's conclusion of guilt.

Being unable to agree with the contentions made, the motion for rehearing will be overruled.

*Overruled.*