Jake **ANDREWS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41655.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Rehearing Denied Feb. 19, 1969.

Bill Cannon, Houston (Court Appointed on Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Houston, Phyllis Bell and Frederick M. Stover, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the possession of marijuana with a prior conviction for the possession of marijuana alleged for enhancement; the punishment, life.

The first ground is that the trial court erred in admitting in evidence the fruits of an illegal arrest, search and seizure.

The testimony of the state reveals that after two narcotics officers, Gray and Fears, received information that a sale of narcotics would be made at appellant's house they set up a surveillance at 9:45 a. m., about two hundred feet from his house. Approximately ten minutes later two men in a Buick stopped in front of appellant's house and when the horn was blown the appellant walked from the house toward the Buick and turned to a vacant lot overgrown with weeds. In two or three minutes the appellant emerged from the weeds going toward the Buick with a large paper bag in his left hand and as he approached the Buick he pulled a small bag from the large bag with his right hand. At this time the officers parked their car in front of the Buick, the appellant looked toward them, dropped the small bag and ran to his house carrying the large bag and threw it in the back yard. Gray recovered the bag dropped near the Buick and Fears recovered the large bag which was found to contain two small bags.

From the facts and circumstances in evidence, it is concluded that the three bags were not obtained as a result of an illegal arrest and search. Further, there was no objection made at the time the testimony of Officers Gray and Fears was given on the ground that appellant's arrest

and the search were illegal. Ground of error number one is overruled.

In ground of error number two, the appellant contends:

"The trial court committed reversible error by admitting into evidence prior convictions at the punishment hearing held in this cause as there is no showing that this defendant, Jake Andrews, Jr., had counsel on any of the alleged prior convictions."

Other than the statement in the ground of error as presented, there is no showing by the appellant in the record or in his brief in support of his position. The record evidence introduced by the state reveals that the appellant had counsel on said prior convictions. The ground of error is overruled.

The third ground of error contends that:

"The trial court committed reversible error in that the state of Texas has placed the defendant in double jeopardy and in violation of the fifth amendment of the United States of America."

Evidently the appellant is complaining of being tried on a new indictment returned after the reversal following a prior conviction for this offense. Andrews v. State, Tex.Cr.App., 407 S.W.2d 507.

The reversal awarded appellant a new trial, and he could then be tried on the new indictment. The law against double jeopardy is not offended in the present conviction. Whitehead v. State, 162 Tex. Cr.R. 507, 286 S.W.2d 947.

In the fourth ground, it is contended that the trial court erred in "admitting into evidence the two bags containing the alleged narcotic drug for the reason that there was no chain of custody shown by the state of Texas from the time of arrest to the courtroom."

The evidence reveals that Officers Gray and Fears marked the two bags with the date, their initials, and the appellant's name for identification, took the bags to the police station, and placed them in the locked box for the chemist in the Identification Bureau. While Officer Gray was testifying, he identified State's Exhibit one and two as the bags recovered at appellant's house, and after examining the contents stated that in his opinion they contained the same amount and type of green leafy substance with seeds that he saw in said bags at the time of appellant's arrest. Officer Gray further testified that he had been assigned to the narcotics division of the Houston Police Department for fourteen years, and had received special training in identifying various narcotic substances, and had attended advanced Federal Narcotics Training Schools in Washington, D. C., and had been taught to identify marijuana by smell, look and feel; and expressed the opinion that the substance contained in State's Exhibit Nos. one and two was marijuana. Chemist McDonald, while testifying, identified State's Exhibits Nos. one and two by his marks of identification made on the two bags he removed from the locked box in the police station. He made a chemical analysis of the substance in said bags which revealed that it was marijuana. The bags contained a total of sixty-five grams of marijuana. After the analysis, the bags were filed in the evidence safe in the laboratory, and on September 16, 1965, the bags were removed from the safe and "brought here to the courthouse and turned over to the Court." The chain of custody from this point was completed by stipulation between counsel for the state and appellant and the appellant in person.

The evidence is sufficient to authorize the admission of the bags in evidence. This ground of error is overruled.

Grounds of error numbers five, six, seven, eight and nine have been examined and considered and neither of them presents error.

It is contended in grounds of error numbers ten and eleven that the

evidence is insufficient as a matter of law to support the conviction for the primary offense and the alleged prior conviction.

The summary of the testimony of Officer Gray and Chemist McDonald as hereinabove shown is sufficient to support the conviction for the primary offense. The record evidence of the prior conviction alleged and the testimony of the fingerprint examiner pertaining to identification are sufficient to support the alleged prior conviction.

The judgment is affirmed.