**Ruben V. COLUNGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44379.**

Court of Criminal Appeals of Texas.

Jan. 11, 1972.

Rehearings Denied May 31, 1972.

Second Rehearing Denied July 19, 1972.

Nicholas & Barrera by Roy R. Barrera, Cecil W. Bain, San Antonio, for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, John L. Quinlan, III, Lucian B. Campbell and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder; the punishment, one hundred ninety-nine (199) years.

Ruben Colunga was indicted for murder with malice in the stabbing death of Solomon Abdo, Sr., during a robbery at his store. The State contended that Hector Garza, Jesse Gonzales and Jesse Montez entered the store while Colunga circled the block in a car with Feliciana Martinez waiting for his confederates.

Appellant contends there is insufficient testimony to corroborate the accomplice witnesses.

This is the companion case to Garza v. State, Tex.Cr.App., 469 S.W.2d 169, but the facts and circumstances involving Colunga are entirely different and, consequently, require different proof.

Two witnesses, Jesse Montez and Feliciana Martinez, who the court charged were accomplice witnesses as a matter of law, testified appellant drove the get-away car and did not enter the establishment where the murder took place.

Under Art. 38.14, Vernon's Ann. C.C.P.,[1] the testimony of an accomplice witness must be corroborated. The test of the sufficiency of such corroboration is to eliminate the evidence of the accomplice from consideration and then to examine the evidence of other witnesses to determine if there is inculpatory evidence, evidence of an incriminating nature which tends to connect the accused with the commission of the offense. Merely showing an offense occurred is not sufficient. Odom v. State, Tex.Cr.App., 438 S.W.2d 912; Edwards v. State, Tex.Cr.App., 427 S.W.2d 629. The corroborative testimony need not supply direct evidence; it must only tend to connect appellant with the crime. Cherb v. State, Tex.Cr.App., 472 S.W.2d 273. It is the combined cumulative weight of the evidence furnished by non-accomplice witnesses which supplies the test. Minor v. State, 108 Tex.Cr.R. 1, 299 S.W. 422.

The State's principal non-accomplice witness, Ernest Lopez, by whom it intended to place appellant near the scene and in the company of his co-defendants prior to the murder, testified that he knew the man, known to him as Tony, was Ruben Colunga but that he had never seen him before the day of the trial and, therefore, could not identify him as the man in the car on the night of the murder. The State claimed surprise and sought to impeach him

stating he had told them he saw Colunga, known to him as Tony, in a car with the others on the night in question and that Colunga asked him for a pistol to use on a job. The State also introduced an affidavit Lopez gave to the police shortly after the incident where he also stated a man, known to him only as Tony, drove up to him in a car on the night of the murder and asked for the pistols. Lopez admitted the claimed conversations and signing the affidavit but still continued to deny he knew the appellant.

The State further showed that an offense was committed, that the fingerprints of appellant's co-defendants were found in the establishment and that appellant was at a cafe later in the evening with a co-defendant and an accomplice witness. We have searched the record with care and find no further evidence connecting Colunga to the murder. There is no credible evidence placing him in the presence of the accomplice witnesses at or near the scene of the crime nor tending to connect him with the alleged crime.

The State relies on Edwards v. State, Tex.Cr.App., 427 S.W.2d 629. In Edwards, however, the appellant was shown to be in the company of the accomplice near the scene of the crime at the time of its commission at an unusual hour, that he fled and was found in possession of a weapon belonging to the murder victim on the day after the homicide.

Chapman v. State, Tex.Cr.App., 470 S.W.2d 656, is more nearly in point. The case involved a robbery in which Chapman was an alleged accomplice. The evidence showed that at the time of his arrest in a cafeteria he had a pen in his hand and that a paper napkin was recovered from a table where the two arrestees were seated containing certain numerical notations including "600 bonds" and "600 me."

---

1. Article 38.14, V.A.C.C.P., provides: "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

In Chapman, supra, we found that evidence insufficient to corroborate the accomplice.

We reach the same conclusion here.

The judgment is reversed and remanded.

## OPINION
## ON STATE'S AND APPELLANT'S MOTIONS FOR REHEARING

DAVIS, Commissioner.

Both the State and the appellant have filed motions for rehearing.

■ The State urges that the witness Feliciana Martinez was not an accomplice witness as a matter of law and, therefore, her testimony need not be corroborated by non-accomplice testimony as required by Art. 38.14, Vernon's Ann.C.C.P. The record reflects that the witness was present at the planning of the crime. The witness, appellant and their companions who entered the store and commited the murder and robbery all went to the scene of the crime in the same automobile. Feliciana Martinez and appellant waited for their companions in the getaway car until the crime was committed. The witness received a share of the fruits of the crime, however, slight they may have been. Certainly, there was evidence that the witness Martinez was an accomplice. At the very least, there was evidence which would have required submission of the fact question of whether she was an accomplice witness in the court's charge to the jury. It follows that we cannot say, as a matter of law, that the witness was not an accomplice. Further, the trial court having charged the jury that Feliciana Martinez was an accomplice as a matter of law, such instruction became the law under which the jury was required to decide the case. For this court to consider the case on the basis that Feliciana Martinez was not an accomplice witness would be placing us in the position of reviewing the case on appeal upon a premise differ-ent from that upon which it was submitted to the jury.

Appellant urges this Court to reach a different disposition of the cause than the order of reversal and remand that was entered in the original opinion. Specifically, he requests that this Court either enter a judgment of acquittal or dismissal or that it instruct the trial court to enter a judgment of acquittal. This request is based upon the premise that the trial court committed fundamental error when it refused to grant appellant's motion for a directed verdict of acquittal following the conclusion of the State's evidence. At this point in the trial of the cause, the appellant pointed out the fact that the State had failed to corroborate the testimony of the accomplice witness. Therefore, the appellant contends that this court should now "undertake to do what the trial court failed to do."

■ This contention, however, is against established precedent and statutory requirement. Article 44.25, V.A.C.C.P., expressly provides that, "The Court of Criminal Appeals may reverse the judgment in a criminal action, as well upon the law as upon the facts. A cause reversed because the verdict is contrary to the evidence *shall be remanded for new trial*." (emphasis added). In addition, this Court has held in numerous cases that the proper disposition, upon a finding that the evidence is insufficient to corroborate the testimony of an accomplice witness, is to reverse and remand that cause for a new trial. See Noble v. State, 100 Tex.Cr.R. 404, 273 S.W. 251; Franklin v. State, 62 Tex.Cr.R. 433, 138 S.W. 112; Durham v. State, 106 Tex.Cr.R. 85, 290 S.W. 1092; Morris v. State, 135 Tex.Cr.R. 384, 120 S.W.2d 592; Donley v. State, 167 Tex.Cr.R. 427, 320 S.W.2d 847.

Appellant also contends that a retrial of this cause would place him in double jeopardy as he was entitled to an acquittal at the conclusion of the State's evidence. This question is not before us; however compare Dupree v. State, 56 Tex.Cr.R. 562, 120 S.W.

871 (1909); Andrews v. State, Tex.Cr. App., 436 S.W.2d 546; Whitehead v. State, 162 Tex.Cr.R. 507, 286 S.W.2d 947.

For the reasons stated above, the motions for rehearing are overruled.

Opinion approved by the Court.