**Ruben V. COLUNGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49993.**

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Rehearing Denied Oct. 8, 1975.

Thomas Rocha, Jr. and Louis T. Rosenberg, San Antonio, both court-appointed, for appellant.

Ted Butler, Dist. Atty., and Charles T. Conaway, John L. Quinlan, III, and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for murder. Punishment was assessed by the jury at 199 years.

The record reflects that Solomon Abdo died of knife wounds inflicted during a robbery which occurred at the deceased's grocery store in San Antonio on January 17, 1969. The first trial was in July, 1970, and the conviction resulting therefrom was reversed by this Court.[1] This appeal stems from the conviction at the second trial in September, 1973. The record was filed in this Court on March 7, 1975.

The testimony of Jesse Montez and Feliciana Martinez reflects that Hector Garza,[2] Jesse Gonzales, and Montez entered the Abdo store on the date in question while appellant circled the block in a car with Martinez.

The court instructed the jury that co-defendant Montez was an accomplice as a matter of law, and submitted the issue of whether or not Martinez (against whom no indictment was returned) was an accomplice as a question of fact for the jury to resolve.

A number of appellant's contentions are directed to the court's failure to charge the jury that both Montez and Martinez were accomplices as a matter of law.

About 4:30 p. m. on the day in question, appellant and Garza drove to a house where Gonzales and Martinez were living in what was described as a common law relationship. The four of them then drove to the corner of Guadalupe and Brazos, where appellant made inquiry of Montez and his companions about obtaining guns. According to Montez, appellant stated the reason he wanted guns was that "He was going to do an easy job." Upon appellant's inquiry, "Do you want to make some money?" Montez answered in the affirmative, and appellant told Montez to "get in the car." They then proceeded to Gonzales' house, where Gonzales obtained a knife.

Appellant then drove to North Zarzamora Street, where he pointed out a store that "was easy." Appellant instructed Garza, Gonzales, and Montez on the roles they were to carry out in the robbery. Appellant told Garza, "If you have to use the knife, use it." According to plan, Montez entered the store first and asked the deceased for soda water. Gonzales and Garza then entered the store, and Garza grabbed the deceased. The deceased resisted, and was stabbed five times. Montez removed what was later determined to be two dollars in nickels from the cash register. Gonzales, Montez and Garza fled from the scene upon observing a car in front of the store. All later assembled in a cafe, where a division of the fruits of the robbery was made. Martinez, when offered twenty-five cents as her "cut," pushed the money toward Gonzales and said, "I don't want any of that money." Martinez, who was either fourteen or fifteen at the time in question,

---

1. See *Colunga v. State*, Tex.Cr.App., 481 S.W.2d 866 (1972).

2. See *Garza v. State*, Tex.Cr.App., 469 S.W.2d 169.

testified that she never intended to participate in the robbery.

Appellant urges that Martinez was an accomplice witness as a matter of law, and that the jury should have been instructed that a conviction could not be had upon her testimony as an accomplice unless corroborated pursuant to Art. 38.14, V.A.C.C.P.[3]

The record does not reflect that Martinez was ever an active participant in the planning or carrying out of the robbery or murder. Unlike the others present, Martinez was not assigned a role in the robbery by appellant, nor does the evidence show that Martinez advised, commanded or encouraged the principals to commit the offense, or agreed to aid them, or aided them in its commission. See *Chapman v. State*, Tex. Cr.App., 470 S.W.2d 656.

■ This Court has consistently held that where there is a doubt as to whether a witness is an accomplice witness, and such fact is submitted to the jury, such procedure is sufficient even though the evidence seems to preponderate in favor of the fact that such witness is an accomplice witness as a matter of law. *Ward v. State*, Tex.Cr. App., 520 S.W.2d 395; *Jackson v. State*, Tex.Cr.App., 516 S.W.2d 167; *Zitterich v. State*, Tex.Cr.App., 502 S.W.2d 144; *Allen v. State*, Tex.Cr.App., 461 S.W.2d 622.

■ We conclude that the court did not err in submitting the issue of whether or not Martinez was an accomplice witness as a question of fact for the jury to resolve. We further find that the court properly instructed the jury relative to corroboration of accomplice testimony.

■ Appellant contends that under the doctrine of collateral estoppel, the State cannot deny that Martinez is an accomplice.

Appellant points to the fact that in the first trial of this case the trial court instructed the jury that Martinez was an accomplice witness as a matter of law. Appellant argues that since the proceeding involved the same parties, was before a court of competent jurisdiction, and an appellate court made a determination that the trial court correctly instructed the jury on this issue, that the second trial was bound by the court's determination that Martinez was an accomplice witness as a matter of law.

At the outset, we find appellant's premise that this Court made a determination that Martinez was an accomplice witness as a matter of law to be faulty.[4]

Moreover, we find appellant's reliance upon *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, for the proposition that collateral estoppel applies to the instant case, to be misplaced. In *Ashe v. Swenson*, supra, the United States Supreme Court held that collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy, and where a defendant had been acquitted of the only rationally conceivable fact issue in dispute by a valid and final judgment in a previous trial, the government was precluded from a subsequent prosecution. In the instant case, we are not confronted with the trial of a fact issue in which appellant had previously been acquitted by a valid and final judgment.

Appellant contends that he has twice been placed in jeopardy for the same offense since the first conviction was reversed

---

3. Article 38.14, V.A.C.C.P. provides:
   "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

4. In *Colunga v. State*, Tex.Cr.App., 481 S.W.2d 866, in an appeal from the first conviction, this Court said:
   "At the very least, there was evidence which would have required submission of the fact question of whether she [Martinez] was an accomplice witness in the court's charge to the jury. It follows that we cannot say, as a matter of law, that the witness was not an accomplice."

on the insufficiency of the evidence to support the conviction.

It appears to be appellant's position that a reversal on the insufficiency of the evidence should be tantamount to a judgment of acquittal at the original trial.

In *Gilmore v. U. S.*, 264 F.2d 44 (5th Cir., 1959), cert. denied, 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, it was stated that the guarantee against double jeopardy does not prohibit a new trial even though reversal of the initial conviction is for want of sufficient evidence. See *U. S. v. Nall*, 437 F.2d 1177 (5th Cir., 1971).

We reject appellant's claim of jeopardy.

Appellant contends the court erred in admitting a hearsay conversation between a co-defendant and one Jesse Corona.

Corona testified that he talked to co-defendant Garza outside the presence of the appellant. During the course of the conversation, Garza asked Corona if he "wanted to pull a job." The fact that a conspiracy existed between Colunga, Garza, Montez and Gonzales is apparent from the evidence. There was proof in the record that the appellant and the above-mentioned companions were acting together in perpetrating the robbery. At the time of the conversation between Garza and Corona, they had already procured a weapon to commit the offense, and were seeking the aid of others.

In *Helms v. State*, Tex.Cr.App., 493 S.W.2d 227, it was stated, "Each statement or act of a co-conspirator up until the time the object of the conspiracy is completed is admissible. . . ." See *Morgan v. State*, Tex.Cr.App., 519 S.W.2d 449; *Lapp v. State*, Tex.Cr.App., 519 S.W.2d 443; *White v. State*, Tex.Cr.App., 451 S.W.2d 497. No error is shown.

Appellant contends he was deprived of his right to a speedy trial.

A review of appellant's briefs filed with this Court in which he urges that he has been denied his right to a speedy trial under the Sixth Amendment to the Constitution of the United States and Article I, Section 10 of the Texas Constitution reflects that appellant is basing his contention upon the delay in appellate review following the second trial.

The constitutional guarantee of right to speedy and public trial applies to a "trial by jury to determine guilt or innocence and does not include an appeal which is simply the method provided for review of the proceedings in a trial which has already been held." *Cunningham v. State*, Tex.Cr. App., 484 S.W.2d 906; *Zanders v. State*, Tex.Cr.App., 515 S.W.2d 907; *State v. Lagerquist*, 254 S.C. 501, 176 S.E.2d 141 (1970), cert. denied, 401 U.S. 937, 91 S.Ct. 912, 28 L.Ed.2d 216 (1971). Absent a showing that a delay on appeal amounts to a denial of due process, relief will not be granted. *Cunningham v. State*, supra; *Zanders v. State*, supra.

The record reflects that the second trial began on September 10, 1973. A jury verdict assessing appellant's punishment was returned on September 12, 1973, and on the same date appellant waived the ten-day period in which to file a motion for new trial, was sentenced, and gave notice of appeal. Counsel for appeal were appointed on September 13, 1973.

On January 10, 1974, appellant filed a motion to be furnished with a statement of facts. A second motion for statement of facts appears in a supplemental record without date of filing appearing thereon. Appellant asserts that said motion was filed on April 10, 1974, and points to paragraph numbered "VI" therein, where it is urged that he is entitled to a speedy trial, including appeal.

The supplemental record also includes a letter to the trial judge, dated July 1, 1974, in which complaint is made of delay in preparation of the record.

On July 18, 1974, counsel were notified of the completion of the record. On July 31, 1974, appellant filed his objections to the record and a hearing was held on same on

October 17, 1974. Notice that the record had been approved after objections was given counsel on November 7, 1974. After the State was granted two motions for extension of time in which to file its brief, new trial was denied on February 27, 1975, and the record was ordered transmitted to this Court.

Appellant urges that delay in the appeal process "has prevented the reconsideration of a double jeopardy issue determined not properly before this Court in 1972 . . ."

■ While we cannot condone the delay in preparing the record,[5] we cannot say that such delay amounted to a denial of due process.

The judgment is affirmed.

Opinion approved by the Court.

---

5. See *Reese v. State*, Tex.Cr.App., 481 S.W.2d 841, for a discussion of the harm which results from delay in criminal appeals.